Samuel S. Walker et al. v. Charles Popper et al.

SAMUEL S. WALKER ET AL., APPELLANTS, v. CHARLES POPPER AND FIRST NATIONAL BANK OF UTAH, RESPONDENTS.

1. CONFLICT OF TESTIMONY.—Where there is a conflict of testimony in the court below, this court will not ordinarily disturb the findings.

2. REVIEW OF ACTION OF LOWER COURT.—Where the record discloses a substantial conflict of testimony, this court will not undertake to say whether the action of the court below in its conclusions, was correct or not.

Appeal from the Third Judicial District Court.
The facts appear in the opinion of the court.

*Baskin & De Wolfe*, for appellants.
No brief on file.

*Marshal & Royle*, for respondents.
No brief on file.

BOREMAN, J., delivered the opinion of the court:

At the request of Warren Hussy, President of the First National Bank of Utah, Charles Popper gave his note, as an accommodation, to said bank for $3,500, notwithstanding the bank at the time was indebted to Popper. The note was transferred to appellants, and not being paid at maturity, suit is brought. Judgment in the district court was for defendants below, (respondents here) and the appellants bring the case to this court.

It appears that the court below heard the case and made its findings, and to these findings the appellants object, especially to so much thereof as declares that the consideration of the note was "fully satisfied and discharged." This latter was the principal ground urged by appellants for reversing the judgment of the court below.

In *Lyle* v. *Rollins*, cited by the appellants, the supreme court of California lays down the correct rule, as follows: "That when there is a conflict on a question of testimony this court will not ordinarily disturb the findings, but when the evidence is *all one way*, upon any point, essential to sustain the judgment, and the court below has by any means overlooked it, and found contrary to the evidence, we feel called upon to grant a new trial." 25 Cal. 440.

Was there then any substantial conflict in the testimony? If so, this court cannot undertake to disturb the judgment of the court below.

There is no controversy upon the point as to the fact that the note was given by Popper to Hussy acting for the bank, as merely an accommodation note and without consideration.

Was the note transferred to appellants after they had knowledge of its character? Upon this point J. R. Walker and B. G. Raybould testify that they had no such notice; and Charles Popper on the other hand testified that he went to the place of business of the appellants in the forenoon of the day following the execution of the note, and then and there notified appellants that the note was merely an accommodation note, given to secure the delivery of the ore spoken of as collateral. Raybould says that it is probable that Hussy transferred the note to appellants in the afternoon. Assuming this as correct, there is a conflict of testimony between the witnesses for the appellants and for respondents; and besides the court below might have presumed that respondent Popper would probably change his mind with the matter, he being at the time interested, and the appellants might not have done so, as at the time spoken of, that is, before Hussy had brought them the note, they were not interested and hence not so likely to remember. And on the one side the evidence was negative and the other positive or affirmative.

It is said that appellants did not receive the note as collateral to secure the delivery of ore or the payment of any other indebtedness. And the testimony of B. G. Raybould and

J. R. Walker go to that effect, and the testimony of Warren Hussy, and of Charles Popper, and the circumstances connected with the entries on the books of appellants, point to the opposite conclusion.

The witnesses for appellants say that the note was taken in ayment of indebtedness of Hussy to them, and testimony of the witnesses for the respondents show that five thousand dollars of said indebtedness were to be secured, and that the note and ore was turned over for that purpose; that the ore paid the five thousand dollars, and hence the note was to be given back to Popper, as the object for which it had been turned over had been accomplished.

The witnesses are contradictory and conflicting upon this point, and this is the turning point of the case. We presume that the court took into consideration all of the circumstances of the case as well as the conflicting testimony. It is not for this court to say whether the action of the court below in coming to the conclusion reached, was correct or not. We find that upon the material points there were substantial conflicts of testimony.

The judgment of the court below is affirmed with costs.

SCHAEFFER, C. J., and EMERSON, J., concurred.